UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICK LOVELIEN** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES OF AMERICA** *et al.*, <br><br> Defendants. | Case No. 1:18-cv-01869 (TNM) |

**MEMORANDUM ORDER**

In 2014, Cliven Bundy and his sons were involved in an armed confrontation with federal agents in Bunkerville, Nevada.  After hearing about the standoff, Rick Lovelien and Steven Stewart (together, the "Plaintiffs") traveled to Nevada to protest the agents' presence and actions.  They were subsequently arrested.  The U.S. Attorney for the District of Nevada charged them with eleven criminal counts, including conspiracy to commit an offense against the United States, conspiracy to impede or injure a federal officer, use and carry of a firearm in relation to a crime of violence and aiding and abetting, and others.  They were prosecuted but ultimately acquitted for their roles in the standoff.

The Plaintiffs contend that their arrest, incarceration, and prosecution violated their constitutional rights and the Federal Tort Claims Act ("FTCA").  They seek $60 million in damages for the "intentional and malicious acts of the Defendants," which include the United States of America and several federal government agencies and officials.  Am. Compl. at 29; 4-5.  The United States moved to transfer venue in this case to the United States District Court for the District of Nevada.  Because it finds that the relevant events giving rise to the Plaintiffs' claims occurred in Nevada, the Court hereby grants the Government's motion.

I.

The Plaintiffs allege that the "negligent, reckless, and purposeful acts and omissions of agents and employees of the U.S. government" render it liable under the FTCA and 28 U.S.C. § 2680(h).  Am. Compl. at 27-28.  The appropriate venue for claims brought under these statutes is governed by the FTCA, which provides that any "civil action on a tort claim against the United States under . . . this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."  28 U.S.C. § 1346(b).

The Plaintiffs also allege that federal officials retaliated against them in violation of their First Amendment rights, used excessive force against them in violation of the Fourteenth Amendment, and maliciously prosecuted them in violation of the Fourth Amendment.  Am. Compl. at 18-26.  Venue for these types of claims is governed by 28 U.S.C. § 1391.  *See Cameron v. Thornburgh*, 983 F.2d 253, 257 (D.C. Cir. 1993) (applying § 1391(b) to a *Bivens* action); *Bullock v. Washington Metro. Area Transit Auth.*, 943 F. Supp. 2d 52, 57 ("Since [42 U.S.C.] Section 1983 contains no special venue provision, the general venue provisions of 28 U.S.C. § 1931 apply.") (cleaned up).  The relevant provision of § 1391 provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391(b)(2).

"Courts in this circuit must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia.  By naming high government officials as defendants, a plaintiff could bring a suit here that probably should be pursued elsewhere."  *Cameron*, 983 F.2d at 256.  The location of an agency's "headquarters office alone cannot constitute a basis for concluding that venue is

appropriate in this district," and the "mere involvement" of "some federal officials who are located in Washington, D.C. is not determinative of the question of venue." *Patel v. Phillips*, 933 F. Supp. 2d 153, 165 (D.D.C. 2013) (cleaned up).

## II.

Nevada, rather than the District of Columbia, is the proper venue for Plaintiffs' allegations to be heard.  Indeed, the clear requirements of the FTCA's venue provision and 28 U.S.C. § 1391(b) necessitate a transfer.  Neither of the Plaintiffs reside in the District of Columbia—Rick Lovelien lives in Oklahoma, and Steven Stewart resides in Idaho. Am. Compl. 4.  And the relevant acts and omissions giving rise to their claims occurred in Nevada.  The Plaintiffs contend that they "participated in [a] peaceful protest" and exercised their First and Second Amendment rights in Bunkerville, Nevada.  Am. Compl. 7.  They allege that federal officials threatened them with bodily harm, arrested them, charged them with several criminal counts, maliciously prosecuted them, and withheld exculpatory evidence from them at their trial. *Id*. at 7-10.  These events all occurred in Nevada. *Id*.

The Plaintiffs seek to keep this case here.  They contend that, because of the "highly charged and highly politicized" standoff, and because of President Obama's "animus towards Cliven Bundy," the alleged decision to target the Plaintiffs "could only have originated from [President] Obama and his Defendants DOJ, the FBI and BLM from their headquarters [in] the District of Columbia." Pls.' Opp. to Mot. to Transfer Venue 5-6, ECF No. 11.  Various Defendants were, according to the Plaintiffs, "strictly acting under the direction of those located in Washington, D.C." *Id*. at 8.

However, all specific acts and omissions alleged by the Plaintiffs occurred in Nevada, and the mere naming of high ranking government officials is insufficient to create venue here.

*Cameron* 983, F.2d at 256.  Additionally, when conduct "occurs in one district but has intended effects elsewhere, the act 'occurs' in the jurisdiction where its effects are directed." *Reuber v. United States*, 750 F.2d 1039, 1047 (D.C. Cir. 1985) (discussing with approval a case where federal officials' actions, taken in Utah but directed at a pilot flying over Montana, created venue in the latter jurisdiction) (abrogated on other grounds).

In short, the Plaintiffs' claims should be pursued in Nevada.  The allegedly wrongful acts and omissions were undertaken by the current and former U.S. Attorneys, several Assistant U.S. Attorneys, state and local law enforcement officials, FBI agents, and a variety of other federal officials living or working in the state.  The Plaintiffs' vague allegations of a conspiracy reaching the highest levels of government and implicating members of the current and former presidential administrations do not justify litigation of the Plaintiffs' claims here.

### III.

For these reasons, it is hereby **ORDERED** that the Government's Motion to Transfer Venue is granted.  It is further **ORDERED** that the Clerk of Court shall transfer the matter to the United States District Court for the District of Nevada, and shall close this case.

**SO ORDERED**.

Dated: October 12, 2018                                         TREVOR N. MCFADDEN
                                                                                  United States District Judge